SIDNEY P. SMITH *vs.* JOSEPH E. FRENCH and another.

Somerset.     Announced May Law Term, Middle District, 1890.     Opinion October 24, 1890.

*Negligence.     Master and Servant.*

If cattle which are being driven in the highway run against a traveler in consequence of careless and improper driving, the driver will be liable; and if he is not the owner, nor the agent or servant of the owner, an action against the latter can not be maintained.

ON EXCEPTIONS.

An action on the case to recover damages for personal

injuries.  At *nisi prius*, after the plaintiff had put in his evidence, on motion, the presiding justice ordered a nonsuit. To this ruling the plaintiff excepted and the case comes to this court on his exceptions.

The facts are sufficiently stated in the opinion.

*Walton and Walton*, for plaintiff, cited: *Lord* v. *Wormwood*, 29 Maine, 282; *Jewett* v. *Gage*, 55 Maine, 538; *Decker* v. *Gammon*, 44 Maine, 322; *Wells* v. *Howell*, 19 Johns. (N. Y.) 385; *Fallon* v. *O'Brien*, 12 R. I. 518, 521; *Clark* v. *Adams*, 18 Vt. 425; *Davis* v. *Campbell*, 23 Vt. 236; *Wood* v. *Lerne*, 9 Mich. 158; *Cory* v. *Little*, 6 N. H. 213; *Humphrey* v. *Douglass*, 10 Vt. 71; S. C. 11 Ver. 22; Shearm. & Red. Neg. 235, 242, 243; 1 Thomp. Neg. 272, § 29; *Beckwith* v. *Shordike*, 4 Burr. 2094; *Bigelow* v. *Reed*, 51 Maine, 325, 332; *Lane* v. *Atlantic Works*, 111 Mass. 136; *Eaton* v. *Boston & Lowell, R. R. Co.* 11 Allen, 500; *Ricker* v. *Freeman*, 50 N. H. 420; *Illidge* v. *Goodwin*, 5 Car. & P. 190; *Slater* v. *Mersereau*, 64 N. Y. 147; 1 Thomp. Neg. 216; *Boston & Albany R. R. Co.* v. *Shanly*, 107 Mass. 568; *McCahill* v. *Kipp*, 2 E. D. Smith, (N. Y.) 413; *Gilman* v. *E. & N. A. R. R. Co.*, 60 Maine, 235; *McDonald* v. *Snelling*, 14 Allen, 290; *Lake* v. *Milliken*, 62 Maine, 240; *Powell* v. *Deveney*, 3 Cush. 300, 305; *Higgins* v. *Dewey*, 107 Mass. 494; *Lynch* v. *Nurdin*, 1 Adolph. & E. N. S. 29 (41, E. C. L. 422); *Griggs* v. *Fleckinstein*, 14 Maine, 81; *Thomas* v. *Winchester*, 6 N. Y. 397; *Noyes* v. *Colby*, 10 Foster, (N. H.) 143.

*Merrill and Coffin*, for defendants, cited: *Mosher* v. *Jewett*, 59 Maine, 453; S. C. 63 Maine, 84; Shearm. & Red. Neg. § 10; *Hill* v. *Winsor*, 118 Mass. 251; *McGrew* v. *Stone*, 53 Pa. (State), 436; Field, Dam. § 11; 4 Field's Lawyers' Briefs, § 715; *O'Brien* v. *McGlinchy*, 68 Maine, 552, 557; *Scribner* v. *Kelley*, 38 Barb. 14; *Lyons* v. *Merrick*, 105 Mass. 71, 76; *Scott* v. *Shepherd*, 2 Wm. Bl. 892; *Carter* v. *Towne*, 103 Mass. 507; *Tisdale* v. *Norton*, 8 Met. 388; *Marble* v. *Worcester*, 4 Gray, 395; *Tutein* v. *Hurley*, 98 Mass. 211; *Davidson* v. *Nichols*, 11 Allen, 514; *Salem Bank* v. *Gloucester Bank*, 17

Mass. 1; *Shieffelin* v. *Ins. Co.* 9 Johns. 21; *Ins. Co.* v. *Sherwood*, 14 Cow. 351, 363; *Peters* v. *Ins. Co.* 14 Peters, 99; *Lake* v. *Milliken*, 62 Maine, 240; *McDonald* v. *Snelling*, 14 Allen, 290; *Powell* v. *Deveney*, 3 Cush. 300; *Lane* v. *Atlantic Works*, 111 Mass. 136, 140; *Vandenburgh* v. *Truax*, 4 Denio, 467. Case at bar is not controlled by *Cory* v. *Little*, 6 N. H. 213; *Wood* v. *LaRue*, 9 Mich. 158; *Humphrey* v. *Douglass*, 10 Vt. 71; *Clark* v. *Adams*, 18 Vt. 425; *Davis* v. *Campbell*, 23 Vt. 236; as in these cases, the action is brought by the owner of the cattle against owner of land, upon which they were trespassing, and, who turned them into the highway. *Thomas* v. *Winchester*, 2 Seld. 397; *Langridge* v. *Levy*, 2 M. & W. 519; *Cox* v. *Burbridge*, 52 Law Journ. (N. S.) C. P. 89; *Lee* v. *Riley*, 34 Law Journ. (N. S.) C. P. 212; *Mangan* v. *Atterton*, 1 Exch. L. R. 239.

WALTON, J. It is the opinion of the court that the plaintiff has sued the wrong parties.

If cattle are negligently permitted to stray into the highway, and they run against a traveler and injure him, the owner, or the one having the care and custody of them at the time of the escape, will be liable. But if cattle which are being driven in the highway run against a traveler in consequence of careless and improper driving, the driver will be liable; and if he is not the owner, nor the agent or servant of the owner, an action against the latter can not be maintained. In such a case, the question is not, who was the owner, but who was the driver.

In this case, the plaintiff was run against by a pair of oxen (yoked together) which were being driven in the highway. The oxen had been trespassing in a neighboring field, and the owner of the field told his hired man to drive them out and drive them home. While so doing, the hired man set a dog on them, and the dog bit one of the oxen, and this frightened them and caused them to run against the plaintiff's wagon, and the plaintiff was thrown out and injured. Clearly, the cause of the collision was the manner of driving the oxen. And, as the driver was neither an owner, nor the agent or servant of the

owners, it is the opinion of the court that this action, which is against the owners of the oxen, can not be maintained. The liability, if any, was with the driver or his employer.

The plaintiff has alleged in his declaration that at the time of the collision the oxen were unlawfully in the highway. But the evidence does not sustain this allegation. They had before that time been unlawfully in the adjoining field. But at the time of the collision they had been driven out of the field and were in the highway for the purpose of being driven home; and surely it was lawful to use the highway for that purpose. Collisions in the highway have been a fruitful source of litigation; but it is believed that no case can be found in which it has been held that the negligence of a driver is imputable to the owner, unless the former was the servant of the latter. See last edition (1888) of Shearman & Redfield on Negligence, § § 144 – 147; and the numerous cases cited in the notes.

*Exceptions overruled. Nonsuit confirmed.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.